UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Civil Action No. 20-CV-12600-SJM-APP

MICHIGAN GEOSEARCH, INC., a Michigan corporation,

    Plaintiff,

vs.

TC ENERGY, INC., a Canadian corporation,

    Defendant.
_____/

**RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SERVICE**

| SOMMERS SCHWARTZ, P.C. | PREBEG, FAUCETT & ABBOTT, PLLC |
|---|---|
| Andrew Kochanowski (P55117) | Matthew J.M. Prebeg |
| Attorneys for Plaintiff | (TX State Bar No: 00791465) |
| One Towne Square, Suite 1700 | Attorneys for Plaintiff |
| Southfield, MI 48076 | 8441 Gulf Freeway, Suite 307 |
| (248) 355-0300 | Houston, TX 77017 |
| akochanowski@sommerspc.com | (832) 743-9260 |
| | mprebeg@pfalawfirm.com |

**PLAINTIFF'S RESPONSE TO COURT'S
ORDER TO SHOW CAUSE RE: SERVICE AND REPORT OF SERVICE**

    Plaintiff Michigan GeoSearch, Inc. files this response to the Court's December 23, 2020, Order to Show Cause (ECF 5) requiring Plaintiff to submit a written explanation of why Defendant TC Energy, Inc. had not been served by December 21, 2020 (*Id*. at 1). For the reasons stated herein, Plaintiff has shown

good cause why the Court should not dismiss this case. Defendant is a Canadian corporation, requiring service in Canada. Therefore the time limit for service of December 21, 2020, prescribed under Fed. R. Civ. P. 4(m) does not apply to Defendant.

Plaintiff diligently pursued multiple means of service, and finally did serve Defendant. Because Defendant declined to accept service in the United States or to waive service pursuant to Rule 4(d) despite written request, Plaintiff was forced to serve Defendant TC Energy, Inc. in Calgary, Canada.  Due to COVID restrictions in Calgary and other challenges, these attempts were delayed. Plaintiff finally served Defendant in Calgary on December 23, 2020, via service on Defendant's General Counsel and "Executive Vice-President, Stakeholder Relations," Patrick Keys.[1] Plaintiff first received and filed the Affidavit of Service today, the very day this response is filed (*See* ECF 6).

---

[1] *See*: https://www.tcenergy.com/siteassets/pdfs/about/people/tc-elt-bio-patrick-keys.pdf.

ii

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iv

I.  FACTS. ........................................................................................................... 1

II.  DISCUSSION. ............................................................................................... 3

III.  CONCLUSION. .......................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Dimensional Communications, Inc. v. OZ Optics Ltd.*,
　218 F.Supp.2d 653 (D. N.J. 2002) .................................................... 10, 12

*Marcus Food Co. v. Dipanfilo,*
　No. 09-1261-EFM, 2010 WL 3946314 (D. Kan. Oct. 5, 2010) ................ 10, 12

*Sunset Homeowners Association, Inc. v. DiFrancesco*,
　1:19-CV-00016 EAW, 2019 WL 1597497 (W.D. NY April 15, 2019) ....... 9, 10

*United States v. Islip*,
　18 F.Supp.2d 1047, 22 C.I.T. 852 (D. N.J. 1998) .................................. 12

**Rules**

Fed. R. Civ. P. 4(f). ............................................................... 5, 8, 9, 13

Fed. R. Civ. P. 4(h) ................................................................ 5, 6, 8, 12

Fed. R. Civ. P. 4(l)(2) .................................................................. 5, 13

Fed. R. Civ. P. 4(m) ................................................................ 5, 13, 14

**Other Authorities**

Alberta Reg. 194/2020, Alberta Rules of Court § 11.9 (Nov. 2020) ............ 11

Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 363, 658 U.N.T.S. 169 .......................................................... 9, 12

## I.  FACTS.

Plaintiff filed its Complaint in this matter on September 22, 2020 (ECF 1), and the Court Clerk issued a summons the same day (ECF 2).

Shortly thereafter, Plaintiff's counsel sent Defendant TC Energy, Inc., via Federal Express courier, a written "Notice of a Lawsuit and Request to Waive Service of a Summons" pursuant to Rule 4(d) (Form AO 398) – together with two copies of a completed waiver form (Form AO 399), a copy of the filed Complaint, and a pre-paid means of returning the waiver – on October 6, 2020, asking Defendant to respond "within 61 days" of receipt. *See* the attached Declaration of Matthew Prebeg in support of this response at paragraph 2 and **Exhibit 1**. The Notice and Waiver were addressed to Defendant's General Counsel and "Executive Vice-President, Stakeholder Relations," Patrick Keys, at Defendant's corporate headquarters in Calgary, Canada.[2]

Defendant received Plaintiff's Notice and Request to Waive Service the next day, October 7, 2020 (Prebeg Decl., para. 4, and **Exhibit 2**).  Defendant's deadline to return the service waiver was Monday, December 7, 2020, 61 days from receipt on October 7, 2020.  Defendant, however, never returned the waiver or otherwise responded to Plaintiff in any way. *See* Prebeg Decl. at 5, para. 5.

Federal Rule of Civil Procedure 4 states:

---

[2] *See* n.1, *supra*.

1

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses or serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. [***]. Fed R. Civ. P. Rule 4.

As a foreign corporation, Defendant is subject to service under Fed. R. Civ. P. 4(h).

Once Defendant's December 7, 2020, deadline elapsed for returning the waiver of service form with no response, Plaintiff understood Defendant would force Plaintiff to incur the unnecessary delays and expenses Rule 4 sought to avoid. Plaintiff engaged an appropriate international process service company to serve Defendant in Calgary. *See* Declaration of Brent Caldwell in support of this report at 1-2, paras. 2-6.

The process servers sought to serve the equivalent of what, in the United States, is a corporation's "registered agent" for service of process. In Canada, this is typically one of the corporate Directors, all of whom had listed addresses in the same building (TC Energy, Inc.'s corporate headquarters) in Calgary. Caldwell Decl. at 2.

The international process servers reported that, due to strict COVID measures in place in Canada, personal service on a corporate executive or director in that building would be difficult, because the building was closed to the public and many of the executives and others associated with the defendant were reportedly working

2

from home during the pandemic. Caldwell Decl. at 2, para. 4. Plaintiff's counsel then attempted, unsuccessfully, to find alternative addresses for Patrick Keys and various TC Energy, Inc. Directors serving as the Canadian equivalent of "registered agents" for service. Caldwell Decl. at 2, paras. 3-7.

Plaintiff also asked its international process server, Crowe Foreign Services ("Crowe"), nevertheless to continue to attempt to serve TC Energy, Inc. in Calgary, Canada, via its General Counsel Patrick Keys or one of its Directors. Caldwell Decl. at 2, paras. 6-8.

The Christmas holiday then intervened, further slowing progress on service. Caldwell Decl. at 2, para. 8-10.

Finally, on Monday, December 28, 2020, Crowe reported it had succeeded in serving TC Energy, Inc's General Counsel, Patrick Keys, at TC Energy, Inc.'s Calgary headquarters. Caldwell Decl. at 2, para. 9. Today, Plaintiff's counsel finally received the service affidavit, indicating Defendant had been served on December 23, 2020. *See* Caldwell Decl. at 2, para. 10, and ECF 6.

## II. DISCUSSION.

Plaintiff properly served Defendant TC Energy, Inc. through personally serving its General Counsel and Executive Vice President Patrick Keys in Calgary, Canada, via international process server, on

3

December 23, 2020.

Rule 4 of the Federal Rules of Civil Procedure states, in part:

> (h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> ***
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h)(2).

Rule 4(f), in turn, reads:

> (f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> **(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;**
>
> **(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:**
>
> **(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;**
>
> **(B) as the foreign authority directs in response to a letter rogatory or letter of request; or**

4

>> **(C) unless prohibited by the foreign country's law, by:**
>
>> **(i) delivering a copy of the summons and of the complaint to the individual personally**; or
>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f) (bolding added).

The United States and Canada are signatories of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 363, 658 U.N.T.S. 169. *See, e.g., Sunset Homeowners Association, Inc. v. DiFrancesco*, 1:19-CV-00016 EAW, 2019 WL 1597497, *6 (W.D. NY April 15, 2019).

Although the primary method of serving judicial documents outside the United States under the Hague Convention is via serving a country's "Central Authority" designated for Hague Convention purposes (which then in turn serves the foreign defendant), the Convention explicitly allows other methods of service, particularly in its Article 10, which Canada long has allowed and continues to allow today. *See, e.g., Sunset Homeowners, supra*, 2019 WL 1597497 at *9; *see also Dimensional Communications, Inc. v. OZ Optics Ltd.*, 218 F.Supp.2d 653, 655-56 (D.

5

N.J. 2002); *Marcus Food Co. v. Dipanfilo,* No. 09-1261-EFM, 2010 WL 3946314 (D. Kan. Oct. 5, 2010).

> **"Article 10 of the Convention provides that 'judicial officers, officials, or other competent persons of the State of destination' may serve a summons, '[p]rovided the State of destination does not object**.' " *F.T.C. v. 1492828 Ontario, Inc.*, No. 02 C 7456, 2003 WL 21038578, at *2 (N.D. Ill. May 7, 2003) (citation omitted); *see CGC Holding Co., LLC*, 2011 WL 2559807, at *2. "**Canada has not availed itself of the opportunity ... to object to Article 10(b)'s service provision**." *Dimensional Commc'ns, Inc. v. OZ Optics Ltd.*, 218 F. Supp. 2d 653, 656 (D.N.J. 2002); *see Walton v. Bilinski*, No. 2:15 CV 36 CDP, 2015 WL 9489610, at *2 (E.D. Mo. Dec. 30, 2015) ("**Canada has declared no opposition to the method of service of process provided in 10(b).** "); *Marcus Food Co.*, 2010 WL 3946314, at *4 ("Canada has not objected to service under Article 10(b) and affirmatively states that it will not object to service under Article 10(b)."). "**If a destination state has no objection to service of process under 10(b), then courts look to the 'internal service rules of the destination State to determine whether that State would object to the particular method of service utilized under Article 10**.' " *Walton*, 2015 WL 9489610, at *2 (quoting *Marcus Food Co.*, 2010 WL 3946314, at *4); *see Dimensional Commc'ns, Inc.*, 218 F. Supp. 2d at 656 (same).

*Sunset Homeowners,* 2019 WL 1597497 at *9 (bolding added); *see also Marcus Food Co.*, 2010 WL 394314, *5 (D. Kan. October 5, 2010) ("service of process on a Canadian citizen under Article 10(b) of the Hague Convention by a process server is authorized").

Although service of Canadian defendants by process server is well settled in U.S. courts as a valid method under Hague Convention Art. 10(b), and thus is clear

6

with respect to whether TC Energy has been properly served in the context of this United States action, Alberta's provincial rules also make clear such service would be valid and sufficient in the context of the Province's own law.

The Alberta Provincial Rules of Court state that:

> **11.9(1)** A commencement document may be served on a corporation
>
>> (a) by being left
>>> (i) with an officer of the corporation who appears to have management or control responsibilities with respect to the corporation, or
>>> (ii) with an individual who appears to have management or control responsibilities with respect to the corporation at its principal place of business or activity in Alberta, or at the corporation's place of business or activity in Alberta where the claim arose,
>>
>> or
>
> (b) by being sent by recorded mail, addressed to the corporation, to the principal place of business or activity in Alberta of the corporation.
>
> (2) Service is effected under this rule, (a) if the document is left with an individual in accordance with subrule (1)(a), on the date it is left, or (b) if the document is sent by recorded mail, on the date acknowledgment of receipt is signed.

Alberta Reg. 194/2020, Alberta Rules of Court § 11.9 (Nov. 2020).[3]

Here, Plaintiff's service of TC Energy, Inc.'s General Counsel and Executive Vice-President Patrick Keys at the Defendant's international headquarters in downtown Calgary satisfies these requirements in multiple ways. It

---

[3] https://www.qp.alberta.ca/documents/rules2010/Rules_vol_1.pdf

7

is also well settled that, professional process servers, as used by Plaintiff here, are competent to effect service of process under Hague Art. 10(b) in Canada.

> This Court notes that numerous courts have found personal service by a process server under Articles 10(b) and (c) to be valid in other States. No court holds service under Article 10(b) by a process server invalid in Canada…**This Court, therefore, finds that in Canada a process server is competent to effect service of process under Article 10(b).**

*Dimensional Communications, Inc.*, *supra*, 218 F.Supp.2d at 659; s*ee also Marcus Food Co.*, *supra*, 2010 WL 394314 ("service of process on a Canadian citizen under Article 10(b) of the Hague Convention by a process server is authorized").

> It is not surprising that Canada does not impose strictures on the methods of service provided for in Articles 10(b) and 10(c) of the Convention: *862 Canada's internal laws are themselves flexible about who is authorized to affect service of process.
>
> ***
>
> *See Delaire v. Delaire* [1996] 147 Sask.R. 161, at ¶ 46, *quoting* J.G. Castel in *Canadian Conflict of Laws,* 2nd Ed (Toronto, Butterworths 1986) ("In all the common law provinces and territories, personal service of process is the foundation of jurisdiction in actions in personam.").

*United States v. Islip*, 18 F.Supp.2d 1047, 22 C.I.T. 852, 861–62 (D. N.J. 1998).

Plaintiff's personal service of TC Energy, Inc. in Canada thus fully satisfies the requirements of Fed. R. Civ. P. 4(h)(2) and 4(f) in that it was accomplished:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

8

Rule 4(f)(1).

> The personal service here also satisfies Fed. R. Civ. 4(f)(2) in that:
>
>> "…an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> \*\*\*
>>
>> or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>> (i) delivering a copy of the summons and of the complaint to the individual personally.

Fed. R. Civ. P. 4(f).

The process server's attached affidavit of service is also valid proof of effective service under Fed. R. Civ. P. 4(l)(2) ["Service Outside the United States"] because, as explained, service here was both effected: (A) "as provided in the applicable treaty or convention" (i.e., via the Hague Convention Art. 10(b)'s allowance of such service adopted and not objected to by Canada, and by its satisfaction of Alberta's own provincial rules as to such service); and (B) "…by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee."

Moreover, Fed. R. Civ. P. 4(m) ["Time Limit for Service"] states that the usual 90-day service requirement "**does not apply to service in a foreign country under Rule 4(f)…**" (bolding added), as Defendant unfortunately forced Plaintiff to do here. Even if the 90-day requirement were to apply here, courts "must extend the time for

9

service for an appropriate period" beyond the standard 90 days after the complaint is filed "if the plaintiff shows good cause for the failure. Plaintiff here, as shown, began service attempts promptly upon receipt of the issued summons and diligently attempted service thereafter, finally achieving service via a method approved under Hague Convention Art. 10(b) on December 23, 2020.

Any delay here in serving Defendant was the result of Defendant refusing to return the standard waiver form, and forcing Plaintiff to accomplish service during a pandemic through an international process service company. Plaintiff thus has demonstrated good cause in accomplishing service on Defendant by December 23, 2020, as allowed under Rule 4(m).

### III. CONCLUSION.

The Court's Order to Show Cause indicated the Court would dismiss without prejudice to refiling if Plaintiff failed to show good cause. Plaintiff has demonstrated good cause and has shown that it effected proper service on Defendant in Canada on December 23, 2020. Plaintiff therefore asks that the Court deem service now effected and valid.

Respectfully submitted, December 31, 2020;

>Andrew Kochanowski (P55117)
>SOMMERS SCHWARTZ, P.C.
>One Towne Square, Suite 1700
>Southfield, MI 48076
>Telephone: 248-355-0300
>Email: akochanowski@sommerspc.com
>
>*/s/ Matthew John Prebeg*
>Matthew John Prebeg (TX Bar No. 00791465)
>Brent T. Caldwell (TX Bar No. 24056971)
>BAYKO, PREBEG, FAUCETT & ABBOTT PLLC
>8441 Gulf Freeway, Suite 307
>Houston, Texas 77017
>Telephone: 832-742-9263
>Facsimile: 832-742-9261
>Email: mprebeg@bpfalawfirm.com
>       bcaldwell@bpfalawfirm.com
>
>*Attorneys for Plaintiff*